Mark Wesbrooks
The Wesbrooks Law Firm, P.L.L.C.
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85382
(602) 262-0390 Fax: (602) 297-6580
Mark.Wesbrooks@azbar.org
State Bar No. 018690
Attorney for Debtors

Case No. 2:09-01945 RJH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

THOMAS P. SHARP
and NICOLE R. SHARP,

Debtors.

IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

The party obtaining this order is Chapter 13 noticing it pursuant to Local Rule 9022-1.

Dated: September 01, 2010

Case No: 2:09-bk-01945

STIPULATED
AMENDED

_Randolph J. Haines_
RANDOLPH J. HAINES
U.S. Bankruptcy Judge

The Second Amended Chapter 13 Plan having been properly noticed out to creditors and no objections having been filed, Second Amended

IT IS ORDERED Confirming the Plan of Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

   a. <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:

   | Months | Payments |
   |--------|----------|
   | 1-10   | $1,170.00 |
   | 11-18  | $ 400.00 |
   | 19-60  | $ 550.00 |

   The payment are due on or before the 6th day of each month commencing March 6, 2009.

   Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

09-01945 Sharp

1

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for the years 2009, 2010, and 2011, within 30 days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

    b.    Other Property. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full. To the extent that the debtors may receive any income tax refunds over the duration of the plan, debtor shall remit net refunds to the plan as supplemental plan payments.

2. **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

    a.    Administrative expenses. Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %.

           Attorney Fees. Mark Wesbrooks, The Wesbrooks Law Firm, P.L.L.C., shall be allowed total fees in the amount of $4,000.00. Counsel received $1,100.00 prior to filing this case and will be paid $2,900.00 by the Chapter 13 Trustee.

    b.    Claims Secured by Real Property.

           None.

    c.    Claims Secured by Personal Property.

           Creditor secured by a trumpet, Musica & Art, to be paid the sum of $515.45, as the secured claim of such creditor, through the trustee, with interest at the rate of 0%. Such secured claim is to be paid, pro rata, by the Trustee, subject to payment of allowed administrative claims and expenses. Upon payment of such claim, such creditor shall release the lien upon the subject collateral. This Plan fully resolves any claim of such creditor against the debtor(s), arising out of the sale and financing transaction upon such collateral.

    d.    Priority Claims.

           None.

09-01945 Sharp

2

e. <u>Surrendered Property</u>

Mortgage lender, <u>Chase Mortgage,</u> shall not receive any payment under the Plan, and such creditor's claim is disallowed. The Debtors have surrendered all interest in the real property to such creditor, and the automatic stay is vacated as to such creditor and the real property collateral. Said creditor may pursue lawful remedies against the collateral without further order of the Court.

Mortgage lender, <u>Chase Manhattan Mortgage (Second Mortgage),</u> shall not receive any payment under the Plan, and such creditor's claim is disallowed. The Debtors have surrendered all interest in the real property to such creditor, and the automatic stay is vacated as to such creditor and the real property collateral. Said creditor may pursue lawful remedies against the collateral without further order of the Court.

Creditor secured by a <u>2005 Trophy Boat Motor and Trailer, Bank of the West</u> shall not receive payment under the Plan, as Debtor have surrendered all interest in collateral to such creditor. The automatic stay is hereby vacated as to such collateral, and such creditor may pursue all interests in said collateral without further order of the Court. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

Creditor secured by a <u>2006 Polaris, HSBC/Polaris</u> shall not receive payment under the Plan, as Debtor have surrendered all interest in collateral to such creditor. The automatic stay is hereby vacated as to such collateral, and such creditor may pursue all interests in said collateral without further order of the Court. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

Creditor secured by a <u>2006 Yamaha ATV, HSBC/Yamaha</u> shall not receive payment under the Plan, as Debtor have surrendered all interest in collateral to such creditor. The automatic stay is hereby vacated as to such collateral, and such creditor may pursue all interests in said collateral without further order of the Court. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

Creditor secured by a <u>40 Acres in Chambers AZ, NRLL East</u> shall not receive payment under the Plan, as Debtor have surrendered all interest in collateral to such creditor. The automatic stay is hereby vacated as to such collateral, and such creditor may pursue all interests in said collateral without further order of the Court. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for possible deficiency balance, the creditor must file an amended,

unsecured proof of claim.

e.    <u>Other Provisions.</u> None.

f.    <u>Unsecured Claims.</u> All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4.    **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtors herewith.

DATED this _____ day of _____, 2010,

**UNITED STATES BANKRUPTCY JUDGE**

APPROVED AS TO FORM AND CONTENT:

_____
Edward J. Maney, Trustee

/s/MW018690
Mark Wesbrooks
The Wesbrooks Law Firm, PLLC
Counsel for Debtor

09-01945 Sharp

4